# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GBOLAHAN R. A. EYIOWUAWI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 CV 6492 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| JOHN H. STROGER'S HOSPITAL OF ) | |
| COOK COUNTY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Gbolahan R. A. Eyiowuawi has filed an amended complaint alleging that his former employer, Defendant John H. Stroger's Hospital of Cook County, discriminated against him on the basis of his sex and national origin, and retaliated against him for filing discrimination complaints and a lawsuit, all in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e. Defendant has moved under Rule 12(b)(6) to dismiss the amended complaint on res judicata and statute of limitations grounds. [28]. For the reasons stated below, the Court denies the motion. Plaintiff is given 14 days from the date of this order to file an amended complaint as specified below. The parties are directed to appear for a status hearing on February 18, 2014 at 9:00 a.m.

I.  **Background**

For purposes of the instant motion to dismiss, the Court construes the amended complaint [27] in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing reasonable inferences in his favor. *E.g.*, *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 (7th Cir. 2012). In addition, because Plaintiff is proceeding *pro se*, the Court construes his

amended complaint liberally and holds it to a less stringent standard than if it had been drafted by a trained lawyer. See, *e.g.*, *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006). The Court also will consider additional facts alleged in Plaintiff's briefing [32] to the extent that they are consistent with the allegations of his complaint. See *Geinosky v. City of Chi.*, 675 F.3d 743, 746 n.1 (7th Cir. 2012); *Help at Home, Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001). The Court takes judicial notice of Plaintiff's relevant previous federal cases, *Eyiowuawi v. John H Stroger Jr*, No. 03-cv-09435 (N.D. Ill. Dec. 24, 2003), and *Eyiowuawi v. County of Cook*, No. 05-cv-5213 (N.D. Ill. Sept. 13, 2005). See *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997).

Plaintiff is a male of Nigerian descent. [27] ¶ 4. Plaintiff was hired to work in Defendant's Inpatient Transportation Department as an inpatient transporter in April 1998. [27] ¶ 9. At some point he became a Scheduler/Dispatcher. See [27] ¶¶ 9, 31, 35. According to Plaintiff, his job performance at all times met Defendant's legitimate expectations. [27] ¶¶ 9, 51, 54. Yet, Plaintiff alleges, starting in 2003 through his termination on June 29, 2005, supervisors Martha Jones, an African-American female, [27] ¶¶ 19-20, and Dennis Chevalier subjected Plaintiff to a barrage of disparate treatment on the basis of his sex and national origin. See [27] ¶¶ 17-70.

Plaintiff specifically alleges that Jones favored Plaintiff's co-worker, Erma Brandy, also an African-American female, [27] ¶ 20, such that she offered Brandy more and better overtime opportunities despite Brandy's lower seniority rank and neglected to reprimand Brandy when she left the work area without permission. See [27] ¶¶ 20-24, 30, 32. Plaintiff, in contrast, was both verbally and formally reprimanded for similar infractions, [27] ¶¶ 26, 32, and also was called out

2

for his work attire when his co-workers were not. See [27] ¶¶ 19, 46. Jones also is alleged to have wrongfully reprimanded Plaintiff for using profanity, an infraction for which he incurred a 29-day suspension, [27] ¶ 47, and to have asked patients to complain about him. [27] ¶ 70. On at least two occasions, Chevalier refused to sign forms authorizing payment for overtime work that Plaintiff already had completed but approved overtime for two of Plaintiff's female co-workers. [27] ¶ 17. Plaintiff called the disparate treatment to Jones' attention on several occasions, and also communicated to her his suspicions that it was predicated on his sex and national origin. See [27] ¶¶ 18, 33, 34.

On September 17, 2003, Plaintiff filed a complaint with the EEOC. [27] ¶ 6. The complaint alleged that Jones and Chevalier had discriminated against him on the basis of his sex and national origin. See [27] ¶¶ 6, 63, 69. In late 2003, Plaintiff filed a lawsuit in which he named as defendants Jones, Chevalier, and Defendant. See [27] ¶ 63; [32] at 7; *Eyiowuawi v. John H Stroger Jr*, No. 03-cv-9435 (N.D. Ill. Dec. 24, 2003). The court dismissed that suit for want of prosecution on April 21, 2004. [32] at 7; *Eyiowuawi v. John H Stroger Jr*, No. 03-cv-9435 (N.D. Ill. Apr. 21, 2004), *aff'd sub nom.*, *Eyiowuawi v. John H. Stroger, Jr. Hosp. of Cook Cnty.*, 146 F. App'x 57 (7th Cir. 2005). Plaintiff filed a second complaint with the EEOC and the Illinois Department of Human Rights on April 23, 2004. [27] ¶¶ 6, 51.

Plaintiff's co-worker Brandy left Defendant's employ in late 2004 and was replaced with Sandra Bright, another African-American female. [27] ¶ 50. Plaintiff alleges that Bright performed her job in an unsatisfactory manner, [27] ¶ 55, though Jones did not subject Bright's work to the scrutiny that she did Plaintiff's. [27] ¶ 56. Plaintiff personally informed Bright about some mistakes that she had made on at least one occasion. [27] ¶¶ 55, 60. After Bright failed to correct or continued to make errors on the job, Plaintiff reported Bright to supervisor

Jones on May 26, 2005. [27] ¶ 55. In early June, Bright in turn falsely reported an alleged error of Plaintiff's to Jones. [27] ¶ 59. On June 7, 2005, Plaintiff attempted to call a truce with Bright. See [27] ¶¶ 61-62. He rolled his chair near her to talk to her and jokingly asked her for a bite of her sandwich. [27] ¶¶ 61-62. Bright became angry and, at the behest of Chevalier and Jones, filed a false report with Jones in which she alleged that Plaintiff had sexually harassed and physically threatened her. See [27] ¶¶ 54, 63, 65, 66, 68, 69. The next day, Plaintiff was placed on off-duty status (*i.e.*, suspended) pending a pre-disciplinary meeting. [27] ¶ 7. Plaintiff was informed of Bright's report for the first time at the June 17, 2005 pre-disciplinary meeting, at which he denied all allegations against him and asked for but did not receive copies of surveillance camera footage that recorded the alleged incident between him and Bright. [27] ¶¶ 8, 54, 70. Plaintiff was discharged on June 29, 2005. [27] ¶ 8. He filed a third charge alleging discrimination and retaliation with the EEOC on July 7, 2005. [32] ¶ 4 & Ex. 1.[1]

Plaintiff filed a second federal lawsuit against Defendant on September 12, 2005. [27] ¶ 71; [32] at 7. (The suit was recaptioned to reflect that Cook County was the true party in interest. See *Eyiowuawi v. Cnty. of Cook*, No. 05-cv-5213, Dkt. 6 (N.D. Ill. Sept. 13, 2005)). The court granted Defendant's motion to dismiss for failure to exhaust on November 2, 2005, but granted Plaintiff leave to reinstate the suit upon exhaustion of his administrative remedies. [27] ¶ 71; *Eyiowuawi v. Cnty. of Cook*, No. 05-cv-5213, Dkt. 19 (N.D. Ill. Nov. 2, 2005). In September 2007, Plaintiff filed a complaint with the Illinois Human Rights Commission. See [31] Ex. C; [32] Ex. 3. Plaintiff pursued his administrative remedies with the Illinois Human Rights Commission through January 2012, when he belatedly learned that the matter had been resolved

---

[1] Plaintiff's July 7, 2005 EEOC charge, 21B-2005-02523, which alleged only retaliation, actually was his fourth formal charge of discrimination. Plaintiff filed charge number 210-2005-06628, which alleged discrimination and retaliation, on July 5, 2005, see *Eyiowuawi v. Cnty. of Cook*, No. 05-cv-5213, Dkt. [7] Ex. 1, (N.D. Ill. Sept. 13, 2005).

4

against him in a November 2011 decision by an administrative law judge. See [27] ¶¶ 72-91; [28] Ex. C; [32] at 11. He moved to reopen his federal case on April 9, 2012. [27] ¶ 95. After that motion was denied, [27] ¶ 95; [32] Ex. 2 at 2, Plaintiff sought and obtained from the Department of Justice a Right to Sue letter pertaining to his July 7, 2005 allegations of retaliation. [1] Ex. 1; [27] ¶ 97. He then "refiled" the instant suit on August 16, 2012. [27] ¶ 98.[2] Defendant has filed a motion to dismiss Plaintiff's amended complaint. [28].

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "'fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The Court reads the complaint and assesses

---

[2] Plaintiff also notes in his amended complaint, in bold, that "[t]his case has been going on for the last seven (7) years between Federal Court and Illinois Department of Human Rights Commissions." [27] at 1.

5

its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir.1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

Complaints are not required to anticipate and attempt to plead around affirmative defenses. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). However, "[a] plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c)," which essentially "comes to the same thing as a dismissal under Rule 12(b)(6)." *Richards*, 696 F.3d at 637; see also *Brooks*, 578 F.3d at 579. Where a plaintiff has pleaded facts that arguably establish an affirmative defense and both sides have briefed the issue, practical considerations—such as discovery costs, attorneys' fees, and judicial efficiency—provide courts with ample reasons to resolve a dispositive point of law early in a case, whether the parties have briefed the question as a 12(b)(6) or a 12(c) issue. In either case, the Court's decision rests on the pleadings and whether a plaintiff has affirmatively pled himself out of court. See *Walczak v. Chi. Bd. Of Educ.*, --- F. 3d ---, 2014 WL 92234, at *3 n.2 (7th Cir. Jan. 10, 2014). Finally, because Plaintiff is proceeding *pro se*, the Court construes his amended complaint liberally and holds it to a less stringent standard than if it had been drafted by a trained lawyer. See, *e.g.*, *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006).

### III. Analysis

Defendant makes three arguments in support of its motion to dismiss. None of these arguments is persuasive at this juncture of the case.

### A. Non-Suable Entity

Defendant first contends – in a single sentence – that the lawsuit should be dismissed because Defendant as named is a non-suable entity. See [28] at 4. Although it appears to be true that the hospital is not a separate, suable entity from Cook County, see *Eyiowuawi v. John H. Stroger, Jr. Hosp. of Cook Cnty.*, 146 F. App'x 57, 58 n.1 (7th Cir. 2005), the Court declines to dismiss the case on this basis. As the Seventh Circuit explained in *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012), "a pro se plaintiff who makes a pleading gaffe in a complaint" should not automatically face dismissal with prejudice as a result. The normal course in such instances is for the Court to grant the plaintiff "an opportunity to offer a curative amendment." *Id.* The Court finds this remedy particularly appropriate here, where there has been no prejudice to true Defendant Cook County; its attorneys have been involved in conceptually related litigation with Plaintiff since 2005. Accordingly, the Court grants Plaintiff 14 days to file an amended complaint that names as Defendant the appropriate suable entity, Cook County.

### B. Statute of Limitations

Defendant's more fully developed arguments rest upon the affirmative defenses of res judicata and the statute of limitations. See Fed. R. Civ. P. 8(c)(1) (identifying res judicata and statute of limitations as affirmative defenses); see also *Harrison v. Deere & Co.*, 533 F. App'x 644, 647 (7th Cir. 2013) (noting that res judicata is an affirmative defense that defendants bear the burden of establishing). Both of these affirmative defenses may provide grounds for dismissal at the pleading stage only if the plaintiff has pleaded facts that prove the defense. See *Richards*, 696 F.3d at 637 (statute of limitations); *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) (res judicata). The Court cannot conclude that Plaintiff has done so.

The statutes of limitations that apply to Title VII claims are fairly stringent. 42 U.S.C. § 2000e-5(e)(1) requires plaintiffs to file a charge of discrimination with the EEOC "within three hundred days after the alleged unlawful employment practice occurred." "If a plaintiff fails to file a timely charge concerning a discrete act of discriminatory conduct, his claim is time-barred." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013). A plaintiff's claim also is time-barred if he fails to file a suit within 90 days of receiving a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011).

Defendant contends that "it is apparent from his earlier court filings that the EEOC provided Plaintiff's 'Notice of Right to Sue' on September 24, 2003." [28] at 7. Defendant then asserts that "[p]resumably, this notice followed with Plaintiff's first federal lawsuit under case number 03 C 09345, which was ultimately dismissed by the district court and affirmed on appeal." *Id.* Because "Plaintiff does not provide any evidence that he filed another charge with the EEOC within 300 days of any subsequent discrimination or retaliation practices, separate and apart from his first federal lawsuit," Defendant argues that this suit, initiated approximately 7 years after Plaintiff's termination, must be untimely.

This argument not only misapprehends the pleading standards but also the factual basis and legal proceedings underlying this action. As noted above, complaints are not required to anticipate and attempt to plead around affirmative defenses. *Richards*, 696 F.3d at 637. Plaintiffs, particularly those proceeding without counsel, need not provide at the pleading stage "proof to the contrary" of even anticipated defenses. [28] at 8. The allegations contained in Plaintiff's amended complaint do not conclusively establish that this suit is time-barred. To the contrary, it is reasonable to infer from Plaintiff's allegations concerning his 2005 lawsuit (of

8

which Defendant is fully aware) that he filed a charge of discrimination (and retaliation) with the EEOC in 2005, see [27] ¶¶ 71-73, and Plaintiff included in his response brief a copy of the 2005 charge at issue in this suit. See [32] Ex. 1. Plaintiff's amended complaint also alleges that he sought and received a right to sue letter after Judge Gettleman declined to reinstate his other case, see [27] ¶¶ 96-97, and he included the June 28, 2012 letter as an exhibit to his original complaint. See [1] Ex. 1. (He also attached a copy of the charge itself. See *Id.* Ex. 2.) *Pro se* Plaintiff may have been unaware that his amended complaint stands on its own and does not incorporate the allegations or exhibits of his original complaint, see, *e.g.*, *Chasensky v. Walker*, --- F.3d ---, 2014 WL 228693, at *3 (7th Cir. Jan. 22, 2014); any allegations or exhibits from his original complaint that he wishes to rely on going forward should be included in the amended complaint that he is given 14 days to file. Moreover, it is clear from Plaintiff's other cases – in which Defendant was involved and of which the Court takes judicial notice – that Plaintiff filed charges with the EEOC in July 2005.

    **C.**    **Res Judicata**

Defendant's final argument is that the instant suit is barred by res judicata. Defendant contends that Plaintiff's claims already have been resolved by the November 18, 2011 decision of the Illinois Human Rights Commission hearing officer, or, alternatively, in his 2003 federal suit. (Defendant does not argue that Plaintiff's 2005 federal suit should be given preclusive effect.) See [28] at 4-6. Although the claims previously resolved by the Illinois Human Rights Commission were in substance very similar to the claims that Plaintiff presents here, the Court cannot conclude that res judicata bars Plaintiff from pursuing the instant federal suit. The Court likewise cannot conclude that Plaintiff's 2003 federal suit precludes him from pursuing his instant claims.

Res judicata, also known as claim preclusion, is a doctrine that protects the finality of previous judgments by preventing parties from relitigating previously resolved claims. *Palka v. City of Chi.*, 662 F.3d 428, 437 (7th Cir. 2011). Res judicata can operate to give preclusive effect to state court judgments. Indeed, 28 U.S.C. § 1738 requires federal courts to give a judgment of a state court the same full faith and credit that judgment would receive in the rendering state's courts, so long as the judgment in question satisfied constitutional due process requirements. "[W]hen a state court judgment has been rendered in a state whose laws would give the judgment preclusive effect, the Supreme Court has held section 1738 applicable to preclude claims under * * * Title VII * * * *" *Welch v. Johnson*, 907 F.2d 714, 719 (7th Cir. 1990); see also *Palka*, 662 F.3d at 438 ("Title VII claims enjoy no special immunity from res judicata."). Res judicata also may operate to preclude Title VII claims that *could have* been brought in a judicial proceeding but were not. See *Dookeran v. Cnty. of Cook, Ill.*, 719 F.3d 570, 577 (7th Cir. 2013).

The same is not necessarily true of claims brought (or not) in administrative proceedings, however. In *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 470 n.7 (1982), the Supreme Court stated in dictum that it is "clear that unreviewed administrative determinations by state agencies * * * should not preclude [federal court] review even if such a decision were to be afforded preclusive effect in a State's own courts." Four years later, in *University of Tennessee v. Elliott*, 478 U.S. 788, 795-96 (1986), the Supreme Court expressly held that Congress did not intend for unreviewed state administrative proceedings to have preclusive effect on Title VII claims; it concluded that a plaintiff who pursues a Title VII action in federal court following an unreviewed state administrative decision is entitled to a de novo examination of his Title VII claims. See also *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 48 (1974) ("[T]he legislative

history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes."). The Seventh Circuit has echoed these holdings in its own jurisprudence, holding as early as 1987 that an unreviewed decision by the Illinois Human Rights Commission is not entitled to preclusive effect in federal courts under *Elliott*. See *Buckhalter v. Pepsi-Cola Gen. Bottlers, Inc.*, 820 F.2d 892, 895 (7th Cir. 1987); see also *Czarniecki v. City of Chi.*, 633 F.3d 545, 551 (7th Cir. 2011); *Goodwin v. Bd. of Trs. of Univ. of Ill.*, 442 F.3d 611, 621-22 (7th Cir. 2006); *Brye v. Brakebush*, 32 F.3d 1179, 1182 (7th Cir. 1994).

Here, the decision by the Illinois Human Rights Commission is the sort of unreviewed decision that is not entitled to preclusive effect. Defendant contends that Plaintiff nonetheless had the opportunity to challenge this decision – and assert his federal claims – in state circuit court. See [28] at 5 (citing *Dookeran*, 719 F.3d at 575-78 & n.4). That may have been true if Plaintiff had filed his complaint with the Illinois Human Rights Commission after January 1, 2008, the effective date of amendments to the Illinois Human Rights Act that permitted plaintiffs to file complaints alleging violations of the Illinois Human Rights Act directly in state circuit court. See *Alexander v. Ne. Ill. Univ.*, 586 F. Supp. 2d 905, 910 (N.D. Ill. 2008); 775 ILCS 5/7A-102; 775 ILCS 5/8-111(A). (The Illinois Human Rights Commission is not empowered to adjudicate federal civil-rights claims, but the state circuit courts are. See *Dookeran*, 719 F.3d at 578 n.4; *Blount v. Stroud*, 904 N.E.2d 1, 15-17 (Ill. 2009).) But when Plaintiff filed his complaint in 2007, the only forum in which he could seek relief on his state law claims was the Illinois Human Rights Commission. And the only option to obtain judicial review of claims pursued before the Illinois Human Rights Commission was (and is) to seek review from the Illinois Appellate Court, see 775 ILCS 5/8-111(B), a forum in which it generally is improper to

initially raise previously unasserted claims. It is clear that state *circuit courts* have original jurisdiction over federal civil-rights claims, see *Blount*, 904 N.E.2d at 17, but not clear that state *appellate courts* share that same original jurisdiction. *Cf. People v. Johnson*, 803 N.E.2d 442, 455 (Ill. 2003); Ill. Sup. Ct. Rule 335(d) (defining "the record on review" as "[t]he entire record before the administrative agency"); *Hayes v. City of Chi.*, 670 F.3d 810, 815 (7th Cir. 2012) ("The Illinois Supreme Court [has] outlined six scenarios where the application of res judicata would be inequitable," among which is that "'the plaintiff was unable to obtain relief on his claim because of a restriction on the subject-matter jurisdiction of the court in the first action.'" (quoting *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1207 (Ill. 1996)). For all of these reasons, the Court concludes that Plaintiff's federal claims should be not precluded by the Illinois Human Rights Commission decision.

Defendant asserts in the alternative that "[t]o the extent that Plaintiff's complaint in this case raises issues previously advanced in his first federal lawsuit in *Eyiowuawi v. John Stroger Jr. Hospital of Cook County*, 03 C 9345, this matter is barred under the doctrine of *res judicata* as the decision in that case is final." [28] at 6. Defendant does not further elaborate on this argument, such as by explaining why the 2003 suit meets the three criteria required to apply res judicata. See *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013). Res judicata is an affirmative defense, and Defendant has not made any affirmative effort to demonstrate its applicability here. See *Harrison v. Deere & Co.*, 533 F. App'x 644, 647 (7th Cir. 2013) (noting that res judicata is an affirmative defense that defendants bear the burden of establishing). Moreover, from the Court's own review of Plaintiff's complaint in the 2003 action, see [28] Ex. A, it does not appear that the requisite "identity of the causes of action" is present. *Bernstein*, 733 F.3d at 226. "[A] claim is deemed to have 'identity' with a previously litigated matter if it is

based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *Id.* (quotation omitted). There is no formalistic test for determining whether suits arise out of the same transaction or occurrence; courts must look at the "totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Id.* at 227 (quotation omitted).

Under this totality of the circumstances test, the Court cannot conclude at this time that the 2003 suit implicated the same "transaction or occurrence" as the current suit. Although Plaintiff's 2003 suit is like this one in that it alleged disparate treatment predicated on his sex and national origin, it differs in the events complained of. The focus of the instant suit is Plaintiff's allegedly wrongful termination in June 2005, an event that occurred two years after his 2003 suit was filed and more than a year after the case was dismissed. The discriminatory conduct Plaintiff complains of this suit also largely post-dates that alleged (and adjudicated) in the 2003 suit. Accordingly, the Court concludes that that the 2003 suit does not preclude the instant suit.

## IV. Conclusion

For the reasons stated above, the Court denies Defendant's motion to dismiss [28]. Plaintiff is given 14 days from the date of this order to file an amended complaint (1) naming the proper defendant and (2) attaching or incorporating any exhibits or allegations contained in his original complaint but omitted from the current operative complaint that he wishes to carry forward in this suit. Plaintiff is reminded that an amended complaint supersedes all other complaints and must be complete on its own. If Plaintiff wishes to amend his complaint beyond the two grounds stated above, he must file a motion seeking leave to do so and attach to that motion the proposed amended complaint. The parties are directed to appear for a status hearing February 18, 2014 at 9:00 a.m.

Dated: February 3, 2014

_____
Robert M. Dow, Jr.
United States District Judge